JAMES A. DHIMOS, guardian,[1] *vs.* KAREN L. CORMIER & another.[2]

Middlesex.    May 6, 1987. — July 14, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Negligence*, One owning or controlling real estate, Motor vehicle. *Alcoholic Liquors*, Motor vehicle.

On motions for summary judgment by the defendants who were the lessor and lessee of a convenience food store and its adjoining parking lot in which young people often gathered and drank beer, and in which a certain eighteen-year-old youth was alleged to have consumed beer, taken mescaline, smoked marihuana, and subsequently, as a result of his intoxication, negligently operated a motor vehicle, causing an accident in which the plaintiff's son was severely injured and the son's wife was killed, it was held that, in the absence of a relationship established between the defendants and the injured parties, the defendants had owed them no duty of care to prevent persons, like the youth in question, from becoming intoxicated from beer and drugs before operating a motor vehicle, and consequently, there could be no actionable negligence on the defendants' part. [506-507]

CIVIL ACTION commenced in the Superior Court Department on May 3, 1985.

The case was heard by *Hiller B. Zobel*, J., on motions for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*David B. Broughel* (*Betsy G. Roberti* with him) for the plaintiff.

*John J. Sheehan* for Karen L. Cormier.

---

[1] Of Robert S. Dhimos. We shall refer to the guardian and the decedent singularly as the plaintiff.

[2] The Southland Corporation. The other defendants below, Gennaro Di-Sarcina and Gennaro J. DiSarcina, are not parties to this appeal.

*Christopher A. Duggan* (*Thomas D. Burns* with him) for The Southland Corporation.

NOLAN, J. We affirm the summary judgments entered in favor of the defendants, Karen L. Cormier and The Southland Corporation (Southland).

Cormier leased from Southland a "7-Eleven store" in Billerica. In the adjoining parking lot which was part of the leased premises, youths traditionally gathered and drank beer. On the evening of May 5, 1984, Gennaro J. DiSarcina, then eighteen years old, drove his father's car to the 7-Eleven Store parking lot. It is not clear whether he was alone or he met Gary Crosson and Helen Mattos at that location. Nevertheless, the trio was in the parking lot around 8 P.M. when they were approached by a couple in another car. The woman asked them if they wished to purchase some mescaline and they, in fact, purchased some. They then asked the man if he would purchase some beer for them at a nearby liquor store. The man agreed and DiSarcina and Crosson apparently took some mescaline while awaiting the man's return. After obtaining the beer, they drove off and cruised about town for a few hours. During this period, DiSarcina and Crosson not only drank approximately twenty cans of beer between them, but also took more mescaline and caffeine pills ("speed") and smoked marihuana. They cruised about town and around midnight DiSarcina took his friends home. Shortly thereafter, DiSarcina, traveling in excess of seventy miles an hour struck the rear of a vehicle which was stopped at a red traffic light. That vehicle was operated by Robert S. Dhimos. Robert's wife, Karen Locascio, was the only passenger. Karen was killed and Robert was severely injured.

As a result of the accident, DiSarcina was found guilty of operating a motor vehicle while under the influence of alcohol, operating a motor vehicle while under the influence of depressants or stimulants, operating so as to endanger, possession of marihuana, and other, less serious offenses.

The amended complaint contained six counts, two against DiSarcina and his father, two against Cormier and two against Southland. These counts allege negligence on the part of Cor-

mier and Southland for permitting DiSarcina to drink beer, to take mescaline, and to smoke marihuana in the parking lot, and allege that such negligence directly and proximately caused the accident in which the death and serious injuries occurred.

We derive the facts recited here from the depositions of DiSarcina, his companions, and others. We examine this material to determine whether there exists a genuine issue of material fact and whether Cormier and Southland are entitled to judgments as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

The plaintiff argues that Cormier, as one in possession of the premises, and Southland, as the lessor, owed a duty of care to travelers on the highway to exercise reasonable care to prevent persons, like DiSarcina, from becoming intoxicated from beer and drugs before operating a motor vehicle. The weakness of the plaintiff's case is the absence of a duty of care. See *Theriault* v. *Pierce*, 307 Mass. 532, 533 (1940). In all the cases cited by the plaintiff a duty of care arose because of the relationship established between the defendant and the plaintiff. There was no relationship between the plaintiff and Cormier and Southland which would justify imposing a duty on the defendants. For example, in *Mullins* v. *Pine Manor College*, 389 Mass. 47, 56 (1983), the court said that a duty of care existed because of the relationship between a college and its students who reside on campus. In *Rawson* v. *Massachusetts Operating Co.*, 328 Mass. 558 (1952), the plaintiff was a paying patron of the defendant theater and he was injured on the defendant's premises. The same relationship existed between the plaintiff and defendant in *Silva* v. *Showcase Cinemas Concessions of Dedham, Inc.*, 736 F.2d 810 (1st Cir.), cert. denied, 469 U.S. 883 (1984).

Similarly, in "dram shop" cases, we have recognized that a tavern keeper has a duty to refuse to serve liquor to a patron whom the tavern keeper knows or should know is intoxicated. A breach of that duty will result in liability because it is a foreseeable risk that a person who had consumed liquor excessively on the premises would operate a motor vehicle. *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 326-328 (1982). *Adamian*

v. *Three Sons, Inc.*, 353 Mass. 498, 500-501 (1968). A similar result follows if a liquor store employee sells alcoholic beverages to a minor who subsequently, while driving under the influence of alcohol, kills a person. *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 12-15 (1983). A social host owes a duty of care which is violated when the host serves an alcoholic beverage to a guest who he knows or reasonably should know is intoxicated and who shortly thereafter negligently operates a motor vehicle so as to injure or kill a person. *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 162 (1986). In all of these cases the duty of care arose because of an established relationship.

In this case, neither Cormier nor Southland had a relationship with the plaintiff. Absent a relationship, we cannot say that there was a duty of care owed by the defendants to the plaintiff and absent a duty of care there can be no actionable negligence.

*Judgments affirmed.*