MARK A. BENNETT *vs.* EAGLE BROOK
COUNTRY STORE, INC.

Norfolk. February 6, 1990. - August 16, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Alcoholic Liquors*, Sale to one known to have been intoxicated within the preceding six months, Motor vehicle. *Negligence*, Violation of statute, Sale of liquor, Tavern, Motor vehicle.

Where, in response to special questions, the jury at the trial of a negligence action against a seller of alcoholic beverages found that the seller violated the provisions of G. L. c. 138, § 69, prior to its amendment by St. 1987, c. 754, when it served a certain purchaser, while knowing him to be a drunkard and knowing him to have been drunk within the preceding six months but that, in serving alcoholic drinks to the purchaser, the seller was acting as a reasonably prudent person would and was not, therefore, negligent toward a person injured a short time after the sales as the result of the purchaser's improper operation of a motor vehicle due to his intoxication, the jury's answers, rather than supporting their verdict for the plaintiff, required a judgment for the seller. [358-359] LIACOS, C.J., dissenting, with whom ABRAMS, J., joined.

CIVIL ACTION commenced in the Superior Court Department on October 23, 1981.

The case was tried before *William H. Carey*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John E. Coyne* for the defendant.

*Peter C. Kober* for the plaintiff.

LYNCH, J. The defendant, Eagle Brook Country Store, Inc. (Eagle Brook), doing business as the Eagle Brook Saloon, located in Norfolk, appealed from a judgment entered against it in the Superior Court based on its serving alcoholic beverages on the night of October 11-12, 1981, to Donald R.

Sanders.[1] The Appeals Court upheld the judgment. *Bennett v. Eagle Brook Country Store, Inc.*, 28 Mass. App. Ct. 35 (1989). We granted Eagle Brook's application for further appellate review, and we reverse.

At the conclusion of the evidence, the judge submitted to the jury sixteen special questions, pursuant to Mass. R. Civ. P. 49, 365 Mass. 812 (1974). In response, the jury found that at the time Sanders, a bar manager at Eagle Brook Saloon, was served there after he went off duty, he was not drunk. In pertinent part, the jury went on to respond as follows:

"5.   Did the said Donald R. Sanders operate a motor vehicle while intoxicated after leaving the said Eagle Brook Saloon on or about October 11 - October 12, 1981? *No.*

"...

"7.   Would a person of ordinary prudence have refrained from serving liquor to Donald R. Sanders at the Eagle Brook Saloon on or about October 11 - October 12, 1981 in the same or similar circumstances? *No.*

"8.   Was the operation of the motor vehicle by Donald R. Sanders on or about October 11 - October 12, 1981 a cause of the plaintiff's injury or within the scope of the foreseeable risk? *No.*"[2]

---

[1]While Sanders was found to have been sober when leaving Eagle Brook Saloon, the jury also found that, after stopping at another establishment he became intoxicated, and, when driving later in the early morning hours, struck and injured the plaintiff, Mark A. Bennett.

Prior to trial, the plaintiff settled his claims against Sanders and the owner of the vehicle that Sanders was driving at the time of the accident. Trial proceeded against Eagle Brook, Suburban Restaurants, Inc., doing business as Thackeray's (the second restaurant at which Sanders drank on the night of the accident), and D & N Corporation, doing business as Red Snapper Restaurant. Thackeray's also received an adverse judgment, which it has not appealed. The jury found Red Snapper not liable.

[2]In response to identical questions regarding Thackeray's, the jury responded that Sanders was drunk when served intoxicating liquors at Thackeray's; that Thackeray's knew or reasonably should have known that

At the time of the accident and trial, G. L. c. 138, § 69, as amended by St. 1973, c. 287, prohibited sale of alcoholic beverages "to a person who is known to be a drunkard, to an intoxicated person, or to a person who is known to have been intoxicated within the six months last preceding." Section 62 of the same chapter makes a violation of § 69 a criminal offense. In 1988, the Legislature amended § 69 to outlaw only the sale of alcohol to intoxicated persons. The plaintiff's claim against Eagle Brook rested on a showing that it had violated § 69. To special questions focusing on the other offenses then prohibited by § 69, the jury responded as follows:

> "10.  Was Donald R. Sanders known by the Eagle Brook Saloon to have been intoxicated within the six months last proceeding [*sic*] October 11 - October 12, 1981? *Yes.*
>
> "11.  If you have answered question #10 'Yes,' was his being served liquor, if any, on October 11 - October 12, 1981, at said place a proximate cause of the accident and injuries to the plaintiff? *Yes.*
> "...
> "13.  Do you find that Donald R. Sanders was a *drunkard* on October 11 - October 12, 1981? [emphasis in original] *Yes.*
>
> "14.  If your answer to question 13 is 'Yes,' was such fact known by the defendant Eagle Brook Saloon at that period of time that it served him any intoxicating liquor? *Yes.*
>
> "15.  If you have answered questions 13 and 14 'Yes,' was his being served liquor, if any, on those dates at said place a proximate cause of the accident and injuries to the plaintiff? *Yes.*

---

he was drunk when it served him; that Sanders drove while intoxicated when he left Thackeray's; that a person of ordinary prudence would have refrained from serving Sanders alcohol in the circumstances in which Thackeray's found him; and that the operation of a motor vehicle by Sanders was both a cause of the plaintiff's injuries and within the scope of the reasonably foreseeable risk Thackeray's took when it served Sanders.

After receiving the jury's response to the original questions, the judge submitted the following additional question, with the apparent intention of clarifying the conflict between the jury's responses to questions eight and eleven:

"Was the operation of the motor vehicle by Donald Sanders on or about Oct. 11-12 at the time he was served intoxicating liquor a reasonably foreseeable risk of the defendant Eagle Brook Saloon? *Yes.*"

From these responses only two clear conclusions can be drawn on the nature of Eagle Brook's conduct on the night of the plaintiff's accident. The first is that Eagle Brook violated the provisions of c. 138, § 69, then in effect, when it served Sanders, while knowing him to be a drunkard and knowing him to have been drunk within the preceding six months. The second is that, in serving alcoholic drinks to Sanders, Eagle Brook was acting as a reasonably prudent person would and was not, therefore, negligent. Rather than supporting the verdict for the plaintiff returned by the jury, these answers require a judgment for the defendant.

While a violation of c. 138, § 69, carries criminal penalties, the statute does not expressly or implicitly grant an independent ground for civil liability. *Three Sons, Inc.* v. *Phoenix Ins. Co.*, 357 Mass. 271, 275 (1970). *Barboza* v. *Decas*, 311 Mass. 10, 12 (1942). Any liability on the defendant's part in such a situation must be grounded in the common law of negligence, *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 327 (1982); *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 816 (1979), meaning that the plaintiff has the burden of proving each and every element of that claim: duty, breach of duty (or, the element of negligence), causation (actual and proximate) and damages. *Cimino* v. *Milford Keg, Inc.*, *supra* at 331-332 n.9. *Swift* v. *United States*, 866 F.2d 507, 508-509 (1st Cir. 1989) (construing Massachusetts law). See generally J.R. Nolan & L.J. Sartorio, Tort Law § 204, at 336 (2d ed. 1989). It has long been the rule in this Commonwealth that violation of a stat-

ute does not by itself establish a breach of duty, for it does not constitute negligence per se. *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 28 (1979), and cases cited. Rather, violation of a statute such as § 69 is only "some evidence" of the defendant's negligence as to all consequences the statute was intended to prevent. *Cimino* v. *Milford Keg, Inc., supra. Adamian* v. *Three Sons, Inc.*, 353 Mass. 498, 499 (1968).[3] "A finding that there was a violation of law is not always decisive on the issue of negligence, for a jury may properly find that it did not constitute negligence in the circumstances attending the accident." *Neil* v. *Holyoke St. Ry.*, 329 Mass. 578, 581 (1952).

The key question for the jury to answer, therefore, is, did the defendant, in serving alcoholic drinks to Sanders, take, with regard to the safety of the plaintiff to whom he owed a duty, an unreasonable risk which the ordinarily prudent proprietor would have refrained from taking in the same or similar circumstances. *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 157 (1986). *Cimino* v. *Milford Keg, Inc., supra* at 331 & n.9. *Swift* v. *United States, supra* at 511. Of the seventeen special verdict questions answered by the jury only question seven addressed this element of negligence. The jury answered, "No," an ordinarily prudent person in the position of the Eagle Brook Saloon would not have refrained from serving liquor to Sanders on the night of October 11-12, 1981. Since the jury thus answered, it follows that the plaintiff had failed to prove negligence. Therefore, the judgment for the plaintiff cannot stand.[4]

---

[3]Because one of the purposes of § 69 has been said to be "to protect members of the general public from unreasonable risk of harm, particularly in times when traveling by car to and from taverns is commonplace and accidents resulting from drunken driving are frequent," *Wiska* v. *St. Stanislaus Social Club, Inc., supra* at 816 n.5, its violation has been invoked as "some evidence" of a purveyor of alcohol's negligence. *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 453-454 (1969).

[4]Based on the jury's special verdict we note that there is also considerable doubt whether the plaintiff sustained his burden of proof on the element of causation, both actual and proximate. In answers to questions eleven and fifteen the jury found that Eagle Brook's service of alcohol to

The judgment for the plaintiff is reversed, and the case is remanded to the Superior Court for the entry of judgment for the defendant.

*So ordered.*


LIACOS, C.J. (dissenting, with whom Abrams, J., joins). Faced with a jury's answers to a series of improvidently chosen special questions, the court today chooses to order judgment for the defendant even though the defendant did not object to the form of the questions. I dissent.

The court states that, because the jury answered "no" to special question no. 7, which asked whether a person of ordinary prudence would have refrained from serving liquor to Sanders in the same or similar circumstances, "it follows that the plaintiff had failed to prove negligence [on the part of the defendant]." *Ante* at 359. The court has confused the issue of what responses the jury were allowed to give regarding their assessment of the plaintiff's presentation of evidence with the issue of what the plaintiff actually did prove at trial. This case went to the jury on three theories of negligence; the plaintiff claimed that Eagle Brook had acted negligently because it served alcohol to Sanders with knowledge that (1) he was intoxicated, (2) he was a drunkard, or (3) he had been intoxicated in the last six months. The judge divided the special questions into three sections to reflect the plaintiff's three theories and asked for an assessment of damages at the

---

Sanders on the night of October 11-12, 1981, was a proximate cause of the plaintiff's injury. They also found that (a) Sanders was not driving while intoxicated when he left Eagle Brook Saloon (in response to question five) and (b) Sanders's driving a car was not the cause of the plaintiff's injury or within the scope of the foreseeable risk (in response to question eight). This discrepancy was not resolved by question and answer seventeen, which merely affirmed what the jury had already answered in response to question six, that Sanders's driving a car was foreseeable by Eagle Brook at the time it served him. Thus, were we to reach the issue, we would be confronted by seemingly contradictory conclusions on the issue of causation.

end of each section. The jury's answer to special question no. 7 occurred within the section that asked whether the defendant negligently had served alcohol to Sanders while he was intoxicated. The jury found that Sanders had not been intoxicated at the time he was served any of the four drinks he consumed at the defendant's barroom. Therefore, the jury's response to special question no. 7, that a person of ordinary prudence would not have refrained from serving Sanders "in the same or similar circumstances," is relevant only to the plaintiff's theory of negligence based on Sanders's alleged intoxication. Nevertheless, the court applies the jury's answer to special question no. 7 to all three of the plaintiff's theories of negligence.

The judge below did not pose the equivalent of special question no. 7 to the jury regarding the plaintiff's two theories of negligence drawn from the provisions of G. L. c. 138, § 69. The failure to do so prevented the jury from rendering its judgment whether the defendant's violation of G. L. c. 138, § 69, constituted negligence, and in effect forced the jury to equate a violation of the statute with negligence per se. This was clearly improper. See *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 28 (1979). However, the court's dismay at the error of the judge does not justify conjuring up of a jury determination in favor of the defendant.

Despite their answer to special question no. 7, the jury in this case awarded the plaintiff $800,000 on his claims that the defendant negligently served Sanders with knowledge that he was a drunkard and that he had been intoxicated in the past six months. In determining whether there was any inconsistency in the jury's answers, we have previously held that we must view the jury's answers "in the light of the attendant circumstances, including the pleadings, issues submitted, and the judge's instructions." *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 800 (1987). Furthermore, we have held that, where a jury's answers to special questions are inconsistent, "a new trial is required because it is the jurors' constitutional responsibility to resolve the facts." *Id.* at 801. See *Caccavale* v. *Raymark Indus., Inc.*, 404 Mass. 93,

98-99 (1989). It is not for a court to usurp a jury's function to resolve factual disputes. The court today ignores both of these well settled points of law. I decline to join.