Brassard, J.
INTRODUCTION
Geoffrey Whelchel (“Plaintiff’) brought this action against the General Partners in Independence Mall Group (“Independence”) and Pyramid Management Group, Inc. (“Pyramid”) (collectively hereinafter referred to as “defendants”) seeking to recover damages for personal injuries sustained in a motor vehicle collision.[2] In his complaint, plaintiff alleges that the defendants owed him and the public a duty of care to ensure that Independence’s lessee and the owner of Starbuck’s, Creative Foods, Inc. (“Creative Foods”), served alcoholic beverages in a responsible manner in accordance with the law. Plaintiff also alleges that their failure to do so created a nuisance which resulted in his injuries. Furthermore, plaintiff alleges that the defendants were required under the lease to procure liquor liability insurance and that he was an intended third-party beneficiary of that provision. Defendants now bring this motion to dismiss the plaintiffs complaint for failure to state a claim upon which relief can be granted. Defendants argue that they did not owe the plaintiff a duty of care and that he was not an intended third-party beneficiary under the liquor liability insurance provision of the lease. For the reasons discussed below, the defendants’ motion to dismiss is allowed.
BACKGROUND
Independence is the owner of Independence Mall (“the Mall”) located in Kingstown, Massachusetts. The Mall is managed by Pyramid. Creative Foods leases space from Independence at the Mall. That space is occupied by Starbuck’s, a restaurant and lounge owned and operated by Creative Foods.
On August 16,1992, Scott Griffiths (“Griffiths”) and Steven Perry (“Perry”) arrived at Starbuck’s around 8:00 p.m. or 9:00 p.m. where they consumed numerous alcoholic beverages until the restaurant closed at 2:00 a.m. on August 17, 1992. After leaving Starbuck’s, Griffiths drove south in the northbound lane of Route 3. Griffiths’ car collided with another car, killing the driver and injuring the plaintiff, a passenger.
A blood alcohol test was performed on Griffiths at Jordan Hospital in Plymouth, Massachusetts. The test revealed his blood alcohol level to be .31. On May 17, 1993, Griffiths pleaded guilty and was subsequently convicted on several charges, including motor vehicle homicide and driving under the influence of intoxicating liquor. Plaintiff filed this lawsuit against the defendants on August 16, 1995 seeking recovery for damages under theories of public nuisance and third-party beneficiary.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. Rule 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Crop., 411 Mass. 426, 429 (1991), and, cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89. Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176, 183 (1983). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
1. Third-Party Beneficiary
Plaintiff claims that under Massachusetts law, he is entitled to recover as a third-party beneficiary for breach of the liquor liability insurance provision of the lease.
In order for a third party to recover for breach of a contractual obligation, he must show that he was an intended beneficiary. Ayala v. Boston Housing Authority, 404 Mass. 689, 699 (1989). See Flattery v. Gregory, 397 Mass. 143, 148 (1986); Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). “(W]hen one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.” Rae v. Air-Speed, Inc., supra at 195, quoting *152 Brewer v. Dyer, 7 Cush. 337, 340 (1851). See also Market Serv. Inc. Agency, Inc. v. Tifco, Inc., 403 Mass 401, 405 (1988); Restatement (Second) of Contract §§2 and 304 (1981). The Restatement distinguishes between an intended beneficiary and an incidental beneficiary as follows:
(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
(b) the circumstances indicate that the promisee intended to give the beneficiary the benefit of the promised performance.
(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.
Restatement (Second) of Contract §302. It is not essential to the creation of a right in an intended beneficiary that he be identified when a contract containing the promise is made. Id. at §308.
Plaintiff sues Independence as a third-party beneficiary and thus seeks to enforce a contract between Creative Foods and Independence. See Rae v. Air-Speed, Inc., supra at 196. Independence can be liable to the plaintiff on a third-party beneficiary contract theory only if Independence “violated a duty to the plaintiff’ established by the contract between Independence and Creative Foods. Flattery v. Gregory, supra at 145. In defense of plaintiffs action, Independence may raise any defense against the plaintiff which it would be able to assert against Creative Foods. Id.
The liquor liability insurance provision of the lease provides that:
During the term of this Lease, Tenant shall, at its sole cost and expense, for the mutual benefit of Landlord and Tenant, maintain a policy of liquor liability insurance against claims occurring on, in, about or from the operation of Tenant’s business in the Premises with limits, for each occurrence, of not less than $1,000,000.00. All such insurance shall be primary and non-contributory. Within thirty (30) days after the execution of this Lease, but in no event subsequent to taking possession of the Premises, Tenant shall provide Landlord with a Certificate containing evidence of such coverage and Tenant shall thereafter provide Landlord with appropriate evidence of payment of premiums for said coverage upon each anniversary date of said policy.
In the event that Tenant fails to provide the Certificate as set forth herein or fails to provide evidence of such coverage at least fifteen (15) days prior to the expiration date of each expiring policy, Landlord may obtain such insurance at Tenant’s sole cost and expense.
This lease provision does not establish a contractual obligation on the part of Independence. Rather, only Creative Foods was contractually obligated to secure liquor liability insurance. The lease provision simply provides Independence with the option of securing liquor liability insurance in the event that Creative Foods failed to do so. Because Independence was not contractually obligated to provide liquor liability insurance, it violated no duty to the plaintiff or to Creative Foods. Accordingly, even if plaintiff is an intended third-party beneficiary, plaintiff is not entitled to recover.
2. Nuisance
The plaintiff alleges that Starbuck’s was a public nuisance which the defendants knew of and allowed to continue to exist in violation of the law. Plaintiff argues that under the nuisance laws of Massachusetts, the defendants owed the public and him a duly of care which they breached by allowing Starbuck’s to serve an intoxicated Griffiths. The defendants contend that they did not owe a duty of care to the plaintiff to ensure that Creative Foods operated Starbuck’s in accordance with the law by not continuing to serve intoxicated individuals.
A public nuisance is an unreasonable interference with a right common to the general public. Restatement (Second) ofTorts §821B(1). See also 66 C.J.S. §1 et. seq.; 52 Va.L.R. 997, 1027 (1966). Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:
(a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or
(b) whether the conduct is proscribed by a statute, ordinance, or administrative regulation, or
(c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.
Id. at §821B(2). It is also important to note that:
One common thread which seems to run through all cases of nuisances is the unreasonable or illegal use of properly, owned or in possession of the defendant. An actionable nuisance must implicate conduct which constitutes wrongdoing, either intentional, or negligent or conduct which comes within the orbit of strict liability.
In a word, the mere allegation of nuisance in a complaint has no talismanic effect and if the factual allegations do not describe a condition caused by intentional, negligent or ultrahazardous conduct or omission, the complaint is subject to dismissal.
Nolan & Sartorio, 37A M.P.S. §446.
*153 In a private action to recover damages for public nuisance: It is firmly established that an individual cannot recover for damages caused by a public nuisance “unless ... he has sustained some special and peculiar damage thereby, different in kind, and not merely in degree, from that which is occasioned to other persons by the alleged nuisance.”
Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 894 (1983) (citations omitted).
Plaintiff makes no allegations of intentional or reckless conduct in his complaint. Therefore, the court has to determine whether the plaintiffs nuisance claim is properly grounded in negligence.
Defendants argue that because they neither served alcohol to Griffiths nor controlled the alcohol which was served to him at Starbuck’s, they did not owe the plaintiff a duty of care to prevent Griffiths from becoming intoxicated and operating a motor vehicle. Plaintiff contends that the defendants, as owner and manager of the Mall, owed a duty of care to travellers on the highway to ensure that Creative Foods operated Starbuck’s in accordance with Massachusetts laws.
There can be negligence only where there is a duty to be careful. Flattery v. Gregory, supra, 397 Mass. at 145; Theriault v. Pierce, 307 Mass. 532, 533 (1940). Whether a defendant owed such a duty is a question of law. Monadnock Display Fireworks, Inc. v. Andover, supra 397 Mass. at 156. As a general rule, there is no duty to protect others from the negligent acts of third parties. Based on social values and customs, however, such a duty may be imposed because of the existence of a special relationship between the injured person and the negligent person. Mosko v. Raytheon Co., 416 Mass. 395, 400-01 (1993). The Supreme Judicial Court has held that
[a]ny liability on the defendant’s part in such a situation must be grounded in the common law of negligence, Cimino v. Milford Keg, Inc., 385 Mass. 323, 327 (1982), and Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 816 (1979), meaning that the plaintiff has the burden of proving each and eveiy element of that claim: duty, breach of duty (or, the element of negligence), causation (actual and proximate), and damages. Cimino, supra at 331-332 n.9. Swift v. United States, 866 F.2d 507, 508-09 (1st Cir. 1989). It has long been the rule in this Commonwealth that violation of a statute does not by itself establish a breach of duty, for it does not constitute negligence per se. LeClair v. Silberline Mfg. Co., 379 Mass. 21, 28 (1979), and cases cited.
Ulwick v. DeChristopher, 411 Mass. 401, 408 (1991), quoting Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358-59 (1990).
In the area of liquor, a duty of care derives from control over the alcohol. In addressing a claim of negligence, our cases have emphasized that the a defendant’s duty of care derives from his actual control of the liquor supply. Mosko v. Raytheon Co., supra at 402, citing Ulwick v. DeChristopher, supra at 407. Only when a host controls the liquor supply is it reasonable to assume that a host has the ability to monitor the guest’s alcohol consumption. Id. Similarly, the duty imposed on a commercial vendor of alcohol rests in large part on the vendor’s control over the liquor on the vendor’s premises. Id., citing McGuiggan v. New England Telephone & Telegraph Co., 398 Mass. 152, 156-158 (1986). A tavern keeper has a duty to refuse to serve liquor to a patron whom the tavern keeper knows or should know is intoxicated. Dhimos v. Cormier, 400 Mass. 504, 506 (1987). A breach of that duty will result in liability because it is a foreseeable risk that a person who had consumed liquor excessively on the premises would operate a motor vehicle. Id. at 506-07, citing Cimino, supra at 326-28, and Adamian v. Three Sons, Inc., 353 Mass. 498, 500-01 (1968). See also Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989).
In the absence of a right to exercise effective control over alcohol, the defendant is not subject to a duty to act to protect the plaintiff. Cremins v. Clancy, 415 Mass. 289, 294 (1993). In Ulwick v. DeChristopher, supra at 406-07, the court noted that
... we have rejected arguments that defendants, who neither provided alcoholic beverages nor made them available, owed a duty to travelers on the highways to supervise their premises when they know or reasonably should have known that drinking was taking place on the premises. See Wallace v. Wilson, 411 Mass. 8 (1991); Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624 (1989); Dhimos v. Cormier, 400 Mass. 504 (1987); Langemann v. Davis, 398 Mass. 166 (1986). We continue to follow the general principles expressed in these cases and in the McGuiggan decision. These principles, and the consideration that the duty of care follows from control over the liquor supply, Jurnish practical limits of potential liability.
(Emphasis added.) Similarly, in O’Sullivan v. Hemisphere Broadcasting Corp., 402 Mass. 76, 78 (1988), where the court found no negligence on the part of the defendants, the court concluded that the fatal weakness in the plaintiffs case was that the defendants neither controlled the distribution of beer nor the right to do so.
The facts underlying the case of Dhimos v. Cormier, supra, are similar to those presently before the court. In Dhimos v. Cormier, supra, Cormier leased a 7-Eleven store from Southland in Billerica. Id. at 505. Part of the leased premises included an adjoining parking lot in which teenagers traditionally gathered and drank beer. Id. On May 5, 1984, Gennaro DiS-arcina, eighteen, drove his father’s car to the parking lot where he met up with two other individuals. Id. There the three individuals drank beer, took mescaline *154 and smoked marihuana. Id. Several hours later, DiSarcina’s car collided with the plaintiffs car, severely injuring the plaintiff and killing his passenger. Id. Plaintiff brought suit against Cormier and South-land claiming that the defendants owed him a duty of care which was breached when they allowed DiSarcina to drink beer, to take mescaline and to smoke marihuana in the parking lot. Id. at 505-06. The court held that the defendants did not owe the plaintiff a duty of care because there was no established relationship between the parties. Id. at 506.[3]
In the present case, defendants own and manage the Mall where Griffiths became intoxicated before injuring the plaintiff in a motor vehicle collision. In no way, however, did the defendants exercise control over the alcohol being served by Creative Foods at Starbuck’s. Moreover, the existence of a leasehold agreement between Independence and Creative Foods did not impose upon the defendants a duty to prevent Griffiths from becoming intoxicated on the leased premises and thereafter operating a motor vehicle. Because the defendants did not owe plaintiff a duty of care, they cannot be held liable.[4]
ORDER
For the above stated reasons, the defendants’ motion to dismiss is ALLOWED.

Plaintiff has also filed separate lawsuits against Griffiths and Creative Foods.

The courts have recognized the following established relationships as giving rise to a duty of care in liquor liability cases: tavern keeper and patron, liquor store employee and minor, and social host and guest. Id. at 506-07.

Hostetler v. Ward, 704 P.2d 1193, 1204 (Wash.App. 1985), review denied, 106 Wash.2d 1004 (1986) (Court rejected plaintiffs negligence claim, “presented in the garb of nuisance”).