McCann, J.
This action stems from an alleged attack of plaintiff Mark Pingeton by defendant Matthew Erhartic at the Gamma Sigma Fraternity at Worcester Polytechnical Institute. The matter is now before the court on third-party defendant Alpha Tau Omega Fraternity Inc.’s motion for summary judgment. For the reasons that follow, the motion is ALLOWED.

BACKGROUND

Facts Regarding the Alleged Incident

Around midnight on October 24-25, 1998, after their shift had ended, a group of employees from a local cafe proceeded to Tortilla Sams, a restaurant on Highland Street in Worcester. They arrived at the restaurant at approximately 1:00 am. The group included the plaintiff Pingeton, defendants Erhartic and McDonough and about five other people. At that time, McDonough was a student at WPI and also a member of Gamma Sigma Fraternity. None of the other members of the group were a member of Gamma Sigma. While at the restaurant, Pingeton and Erhartic consumed some beer which was brought to the restaurant by McDonough. Erhartic was not yet 21 years of age.
At approximately 2:00 am, the group proceeded from the restaurant to the Gamma Sigma house at the *645 invitation of McDonough. They took the remaining beer with them. Upon arriving at the house, approximately six Gamma Sigma members were present drinking beer and playing a drinking game. While at the house, both Pingeton and Erhartic continued to drink beer and briefly took part in the drinking game. Some of the beer was left over from the beer consumed at the restaurant while some originated at the fraternity house. Erhartic also drank a significant portion of a bottle of Southern Comfort. The Southern Comfort either originated at the fraternity house or was brought by a member of the group. The fraternity members were not aware that Erhartic was not of legal drinking age.
At some point the police arrived because of a noise complaint and arrested McDonough. After McDonough’s arrest, the fraternity brothers went to bed, some members of the group left to bail McDonough out, while other members of the group including Pingeton and Erhartic remained at the house. Erhartic eventually passed out in the bathroom. Pingeton eventually fell asleep.
After McDonough returned from the police station, he woke both Pingeton and Erhartic. Erhartic apparently awoke in an agitated state. An altercation then ensued between Pingeton, Erhartic and McDonough. Consequently, Pingeton was injured by a stab wound to his head allegedly inflicted by Erhartic.

Facts Regarding Gamma Sigma and ATO

Alcohol belonging to the Gamma Sigma Fraternity was stored in a locked cabinet in the house. Only house officers and social directors had access to this cabinet. The night of the incident the liquor cabinet remained locked and no alcohol consumed by the members of the group that night came from the fraternity’s liquor cabinet. Fraternity members who were of legal drinking age were allowed to keep beer in the refrigerator in their own room for their own personal consumption or for official fraternity parties. Beer was not stored in the common kitchen.
Alpha Tau Omega (“ATO”) is the national fraternity for the local Gamma Sigma chapter. It is located in Indianapolis, Indiana. ATO has promulgated an alcohol policy which it provides to its separate chapters, including Gamma Sigma. The policy has specific guidelines but, overall, prohibits the inappropriate use and distribution of alcohol by fraternity members. ATO consultants visit local chapters once or twice a year for a few days to discuss fraternity policies including policies regarding alcohol. Other than the yearly visit, ATO consultants are not present at local chapters and do not monitor the day-to-day activities at local chapters. ATO has the authority to discipline members, chapters or alumni associations for policy violations. Such discipline, however, is enforced after the violation has already occurred. On the night of the alleged incident giving rise to this suit, ATO was not aware of any inappropriate drinking at the Gamma Sigma house. ATO does not have any interest in the Gamma Sigma house. The house itself is owned by a local alumni association which is not an agent of ATO.

The Instant Suit

As a result of the alleged incident, Pingeton has sued Erhartic, McDonough and Matthew Woodcock, a Gamma Sigma member, for negligence. Erhartic has filed a third-party complaint against ATO alleging that if he is found liable to the plaintiff, then ATO negligently caused or contributed to Pingeton’s injuries by allowing alcohol to be consumed on the premises.
ATO now moves for summary judgment asserting that it is entitled to judgment as a matter of law because it had no duty to prevent the alleged incident as it did not have the ability or right to control activities at the local Gamma Sigma chapter. ATO further asserts that even if found to have exercised sufficient control, it is still entitled to summary judgment because the alcohol was not provided by the fraternity and because Erhartic’s actions were unforeseeable as a matter of law. Erhartic opposes alleging that there are genuine issues of material fact as to whether the alcohol consumed that evening was supplied by the fraternity. Erhartic further alleges that the fraternity and, specifically, ATO can be held liable for the actions of its members.

DISCUSSION

Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, that party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In a negligence action such as this, a plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach was the direct and proximate cause of the plaintiffs *646 injuries. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). The existence of a duty is typically a question of law, not of fact, to be determined by reference to existing social values and customs and appropriate social policy. See id. at 743. “(A)bsent a duty of care there can be no actionable negligence.” Dhimos v. Cormier, 400 Mass. 504, 507 (1987).
In the case at bar, Erhartic is essentially seeking a determination that ATO had a duty to prevent the distribution of alcohol to minors and thus, prevent the alleged incident since it had promulgated an alcohol policy prohibiting the serving of alcohol to minors and the participation in drinking games. Erhartic asserts such a duty under the theory of social host liability.
In an analysis of social host liability, the issue of control is the dominant factor in determining if a duty exists. Cremins v. Clancy, 415 Mass. 289, 293 (1993). Here, the material undisputed facts indicate that ATO was not in the position to control the actions of its WPI chapter and its members on a day-to-day basis. ATO is located in Indiana, while the local chapter is located on WPI’s campus in Worcester. ATO representatives only visit the chapter once or twice a year for a few days. On the night of the alleged incident, ATO was unaware of any inappropriate drinking at the local Gamma Sigma house. ATO does not have any interest in the Gamma Sigma house as the house is owned by a local alumni association which is not an agent of ATO, Although ATO has promulgated an alcohol policy of which its local chapters are expected to abide by, ATO representatives are not present at every social event to ensure the policy is being enforced. Furthermore, although ATO can discipline local chapters and members for policy violations, since it is not present on a day-to-day basis, it obviously cannot enforce any discipline until after the violation has already occurred. In light of this evidence, the court declines to impose a duty on the part of the national fraternity.[1]
The court acknowledges Erhartic’s position that there is a genuine issue of material fact as to whether the alcohol consumed that evening was provided by the fraternity or its members. However, such a dispute is immaterial to the instant motion brought by ATO. Regardless of who supplied the alcohol in question that evening, this court’s ruling indicates that ATO did not exercise sufficient control over the activities at the local Gamma Sigma house to impose liability. This is not to say, however, that this factual dispute is immaterial to the liability of the remaining parties, especially the local chapter.

ORDER

For the above reasons, Alpha Tau Omega Fraternity, Inc.’s motion for summary judgment is ALLOWED.

 Although Massachusetts courts have not addressed the liability of a national fraternity for the conduct at its local chapter, this court’s determination is in line with a number of other jurisdictions addressing the issue. See Garofolo v. Lambda Chi Fraternity, 616 N.W.2d 647, 654 (Iowa 2000); Alumni Association v. Sullivan, 572 A.2d 1209 (Pa. 1990); Andres v. Alpha Kappa Lambda Fraternity, 730 S.W.2d 547 (Mo. 1987); Walker v. Phi Beta Sigma Fraternity, 706 So.2d 525 (La.App. 1 Cir. 1997).