NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-793

ERIC SALMONSEN

vs.

ERIN HUBBELL & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the summary judgment granted in favor of the defendant Twenty One Corp., doing business as Yong Shing (Yong Shing), a restaurant in Auburn.  The judge concluded that the plaintiff failed to present evidence establishing a genuine issue of material fact that Yong Shing served a visibly intoxicated patron, an essential element of his claims against the restaurant.  We agree and affirm the grant of summary judgment.

Background.  We briefly summarize the critical facts, viewed in the light most favorable to the plaintiff.  See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016).  On March 24,

_____

[1] Twenty One Corp., doing business as Yong Shing Restaurant.

2017, the defendant Erin Hubbell and a friend entered Yong Shing and opened a tab. The tab was open from 8:01 P.M. until 8:44 P.M. Before arriving at the restaurant, Hubbell had a glass of wine at around 4 P.M. at work. At Yong Shing, Hubbell and her friend ordered two drinks, a "Mai Tai" and a glass of wine. Hubbell testified at her deposition that she drank only the glass of wine and her friend had the "Mai Tai," but, according to the arrest report, Hubbell told the officer she consumed both. The bartender working at the restaurant that evening put six ounces of wine in the glass he gave Hubbell, and he did not observe her to be intoxicated while she was there. There is no other evidence of the state of Hubbell's sobriety at the time she was served. Soon after leaving the restaurant, Hubbell drove her car across the double yellow lines in the roadway and collided head-on with the plaintiff's vehicle, causing him serious injury.

The Auburn police received a call about the collision at 8:55 P.M. The officer who arrived on the scene noticed that Hubbell had a "strong odor of alcoholic beverage coming from her breath, slurred speech, blood shot glassy eyes, and appeared unsteady on her feet." Hubbell admitted to the officer that "[she] shouldn't have been driving." The police found two fifty-milliliter bottles of Dr. McGillicuddy's liqueur in her

2

car.  Hubbell was charged with operating under the influence of intoxicating liquor and negligent operation of a motor vehicle.

In his second amended complaint, the plaintiff included claims against Yong Shing for a "dram shop violation" and negligence.  Following discovery, Yong Shing moved for summary judgment.  After a hearing, the judge allowed the motion.  A different Superior Court judge later allowed Yong Shing's motion for entry of separate and final judgment under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).  Judgment entered in favor of the restaurant, and the plaintiff appealed.

Discussion.  We review an order granting summary judgment de novo.  See Gallagher v. South Shore Hosp., Inc., 101 Mass. App. Ct. 807, 810 (2022).  "Summary judgment is appropriate where, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Id., quoting Lev v. Beverly Enters.-Mass., Inc., 457 Mass. 234, 237 (2010).  As the moving party, Yong Shing has the burden of demonstrating "the absence of triable issues by showing that the party opposing the motion has no reasonable expectation of proving an essential element of its case."  Gallagher, supra, quoting Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).

General Laws c. 138, § 69, provides that "[n]o alcoholic beverage shall be sold or delivered on any premises licensed under this chapter to an intoxicated person." While a violation of this statute carries criminal penalties, it does not "expressly or implicitly grant an independent ground for civil liability." Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990). Rather, "[a]ny liability on the defendant's part in such a situation must be grounded in the common law of negligence." Id.

The same legal standard thus applies to the plaintiff's dram shop liability and negligence claims. "[A] tavern keeper does not owe a duty to refuse to serve liquor to an intoxicated patron unless the tavern keeper knows or reasonably should have known that the patron is intoxicated." Vickowski v. Polish Am. Citizens Club of Deerfield, Inc., 422 Mass. 606, 609 (1996), quoting Cimino v. Milford Keg, Inc., 385 Mass. 323, 327-328 (1982). To survive summary judgment in an action claiming negligent overservice of a patron who caused injury to another, a plaintiff must produce "some evidence showing that the defendant was on notice that it was serving . . . an intoxicated person." Cimino, supra at 328. See also Vickowski, supra at 610 ("The negligence lies in serving alcohol to a person who already is showing discernible signs of intoxication").

4

In this case, the plaintiff has not identified any direct evidence that Hubbell was visibly intoxicated at the time of her service at Yong Shing. Nor is there sufficient circumstantial evidence to establish that the restaurant otherwise knew or should have known that she was intoxicated. In Cimino, 385 Mass. at 328, the Supreme Judicial Court found that a customer's "loud and vulgar conduct and the defendant's service to [the customer] of a large number of strong alcoholic drinks was each sufficient to put the defendant on notice that it was serving a [person] who could potentially endanger others." Because it is undisputed that Hubbell and her friend were served only a glass of wine and a "Mai Tai," and there is no evidence that Hubbell acted in a disruptive or inebriated manner at the restaurant, such an inference cannot be drawn here. Compare Kirby v. Le Disco, Inc., 34 Mass. App. Ct. 630, 632 (1993) (consumption of eight beers over two hours insufficient to allow jury to infer that individual visibly intoxicated), with O'Hanley v. Ninety-Nine Inc., 12 Mass. App. Ct. 64, 69 (1981) (consumption of fifteen beers and six martinis sufficient to infer that individual "would have displayed some outward manifestation of intoxication"). Nor can the plaintiff rely on evidence of Hubbell's intoxication at the time of her arrest to prove that the restaurant was on notice of her intoxication when she was

5

served.  "Evidence of apparent intoxication, or of elevated blood alcohol levels, at some later point in time does not, by itself, suffice to show that the patron's intoxication was evident at the time the last drink was served."  Douillard v. LMR, Inc., 433 Mass. 162, 165-166 (2001).

Arguing that the "visibly intoxicated" standard "provides a safe harbor for offending bars to escape liability," the plaintiff seeks instead to prove the restaurant's negligence by showing that it violated its own policies against serving intoxicated patrons or allowing them to leave the restaurant in an impaired condition.  We decline to depart from established precedent that proof of "apparent intoxication at the time of service" is required to establish such a negligence claim.  Douillard, 433 Mass. at 165.  Furthermore, even if we were to entertain the plaintiff's theory of liability, there is no genuine dispute of material fact that Yong Shing violated its policies, since it is undisputed that Hubbell did not show any visible sign of intoxication before she left.

In the alternative, the plaintiff argues that he should be allowed to prove the restaurant's negligence by showing that its "mode of operation" of serving alcoholic beverages was negligent.  In support of this theory, the plaintiff submitted a report on Yong Shing's "operations and practices surrounding the

6

service of alcohol," based on observations made by a private investigator at the restaurant in 2019.  However, no Massachusetts court has recognized an establishment's mode of operation as substitute evidence for visible signs of intoxication at the time of service.  See Phoung Luc v. Wyndham Mgt. Corp., 496 F.3d 85, 89-91 (1st Cir. 2007) (surveying Massachusetts law).  Although the plaintiff cites Sarkisian v. Concept Restaurants, Inc., 471 Mass. 679 (2015), as support for his theory, that case involved a claim by a patron who slipped and fell on a nightclub's dance floor, not the alleged negligent overservice of a patron who caused injury to another.  See Sarkisian, 471 Mass. at 682-687.  Furthermore, as the motion judge noted, the "contention that observations made of bartenders at the Yong Shing two years after the evening that Hubbell visited the establishment suffice to prove Hubbell was served while exhibiting signs of intoxication is not convincing."

Because there is no genuine dispute of material fact regarding whether Yong Shing knew or reasonably should have

known that Hubbell was intoxicated at time of service, we affirm the entry of summary judgment in its favor.

Judgment dated May 30, 2023, affirmed.

By the Court (Neyman, Brennan & Toone, JJ.[2]),

*Pata Muv* (signature)

Assistant Clerk

Entered:  May 31, 2024.

---

[2] The panelists are listed in order of seniority.