PAUL J. CREMINS & another[1] *vs.* JOHN W. CLANCY, JR.

Middlesex. March 3, 1993. - May 17, 1993.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Negligence*, Serving alcoholic liquors to guest. *Alcoholic Liquors*, Liability of host, Motor vehicle. *Practice, Civil*, Instructions to jury.

On a claim that a seventeen year old defendant was negligent because, while acting as a social host, he permitted a seventeen year old friend to become intoxicated on beer knowing that the friend would operate his own automobile, which he later did operate, causing an accident seriously injuring the plaintiffs, the jury, in answer to a special question, appropriately concluded that the defendant had not been negligent in his conduct as a social host where, in the absence of a right to exercise control over his friend, the defendant was not subject to a duty to protect the plaintiffs. [291-294] O'CONNOR. J., concurring, with whom LYNCH, J., joined.

At a civil trial, the judge correctly declined a request for instructions to the jury which would have adopted as a rule of common law the position that a host breaches his duty to innocent third persons by permitting a minor to consume any amount of alcoholic beverage that contributes to the minor's intoxication, resulting in injury, where violations of the Commonwealth's liquor laws concerning minors "do not expressly or implicitly grant an independent ground for civil liability," and where it has long been the rule in the Commonwealth that "violation of a statute does not by itself establish a breach of duty, for it does not constitute negligence per se." [294-296]

CIVIL ACTION commenced in the Superior Court Department on February 8, 1990.

The case was tried before *Wendie I. Gershengorn*, J., and a motion for a new trial was heard by her.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1]His wife, Donna A. Cremins.

*Daniel C. Crane* for the plaintiffs.

*Paul L. Cummings* (*Bradley MacDonald* with him) for the defendant.

GREANEY, J. In this case, transferred here on our own motion, the plaintiffs, Paul J. and Donna A. Cremins, claimed that the defendant, John W. Clancy, Jr., who was seventeen years old at the time of the incident, was negligent because, while acting as a social host, he permitted Brian B. Jordan, a seventeen year old classmate and friend, to become intoxicated on beer knowing that Jordan would operate his own automobile. Jordan subsequently caused an accident in which the plaintiffs were seriously injured. A jury in the Superior Court answered "no" to one of the special questions which asked them whether the defendant had been "negligent in his conduct as a social host."[2] We affirm the judgment for the defendant which was entered on the jury's verdict, and the order denying the plaintiffs' motion for a new trial.

Based on the evidence most favorable to the plaintiffs, the jury could have found the following facts. At approximately 7 P.M. on December 22, 1989, Jordan, who was driving his own automobile, arrived at the defendant's home accompanied by Eric Callahan, who was also seventeen years of age. The defendant's parents were not at home. Jordan had two cases of beer in the trunk of his automobile. The beer was brought into the defendant's residence and eventually placed on the kitchen counter. The defendant, Jordan, and Callahan partied with three other friends who were also seventeen or eighteen years old. Over the next two and one-half hours, the defendant, Jordan, and the four other youths proceeded to play a drinking game called "Quarters," while helping themselves as they wished to the supply of beer on the counter.

At approximately 9 P.M., three of the youths left to go to a shopping mall. At some point thereafter, the defendant indi-

---

[2]The minor who caused the accident, Brian B. Jordan, was a codefendant in the case. The jury found that Jordan was negligent in operating his car and that his negligence was the sole proximate cause of the injuries suffered by the plaintiffs. The jury awarded the plaintiffs $405,000 in damages against Jordan.

cated that it was time for him, Jordan, and Callahan to leave. The unconsumed beer, which Jordan had brought to the defendant's home earlier in the evening, was placed in the back of a station wagon belonging to the defendant or his family. The defendant drove the station wagon, "cruising" around town for about one hour. Jordan continued to drink beer while the defendant drove.

At some point in the evening, the defendant, Jordan, and Callahan stopped at the home of Brett Jackson, another friend. Jordan was obviously intoxicated when he arrived at the Jackson residence. Around midnight, Jordan solicited from another youth a ride back to the defendant's home to retrieve his (Jordan's) automobile. (The defendant stayed at Jackson's residence.) Jordan retrieved his automobile and drove, alone, in the direction of his home, which was six or seven miles away from the defendant's residence. While enroute, Jordan's automobile crossed into the opposite lane and collided head-on with the plaintiffs' vehicle. Jordan was intoxicated at the time of the accident. The defendant knew that it was illegal for Jordan and the other youths to drink and that drinking impaired a person's ability to drive safely. The jury would have been warranted in finding that the defendant knew, or should have known, that Jordan was intoxicated when Jordan left the defendant's automobile to join the party at the Jackson residence.

1. The case against the defendant was tried (and the judge instructed the jury) on the principles of social host liability expressed in *McGuiggan* v. *New England Tel. & Tel. Co.,* 398 Mass. 152 (1986). We indicated in *McGuiggan* that "[w]e would recognize a social host's liability to a person injured by an intoxicated guest's negligent operation of a motor vehicle where a social host who knew or should have known that his guest was drunk, nevertheless gave him or permitted him to take an alcoholic drink and thereafter, because of his intoxication, the guest negligently operated a motor vehicle causing the third person's injury." *Id.* at 162. In accordance with this statement, the plaintiffs maintained that the defendant, as a social host, at the least, "permitted"

Jordan to consume beer at the defendant's home, and again later in his car, while aware that Jordan was intoxicated and would shortly be driving his car some distance to return to his home.

Having received the case in this posture, the jury, during deliberations, asked the judge several questions, one of which was, "Can [the defendant] be considered a social host while in his car?" The judge answered this question: "No." The plaintiffs' counsel objected to the answer and contends that it was reversible error for the judge not to have answered the question affirmatively. The plaintiffs argue that the location of a defendant's activities should not govern whether the defendant has a duty as a social host, and that, in the circumstances existing while the defendant, Jordan, and Callahan were "cruising" around town, the defendant was under a duty which required him to prevent Jordan from drinking more beer.

We need not decide whether the answer given by the judge to the jury as to the defendant's status as a social host while in the automobile was correct. The basic question is whether, in the circumstances depicted by the evidence, a common law duty in negligence was imposed on the defendant for the protection of travelers on the highway. "Whether [the defendant had] a duty to be careful is a question of law, *Yakubowicz* v. *Paramount Pictures Corp.*, 404 Mass. 624, 629 (1989), *Monadnock Display Fireworks, Inc.* v. *Andover*, 388 Mass. 153, 156 (1983), to be determined by reference to existing social values and customs and appropriate social policy. *Yakubowicz, supra* at 629. *Schofield* v. *Merrill*, 386 Mass. 244, 246-254 (1982)." *Wallace* v. *Wilson*, 411 Mass. 8, 12 (1991).

We have rejected arguments that defendants, who neither provided alcoholic beverages nor made them available, owed a common law duty to travelers on the highways or to others, to supervise their premises even though they knew, or reasonably should have known, that underage drinking was taking place on the premises. See *Wallace* v. *Wilson, supra* (parent not responsible for injuries incurred by guest at underage-

drinking party at parent's home even though drinking was obvious to parent); *Dhimos* v. *Cormier*, 400 Mass. 504 (1987) (lessor and lessee of convenience store owed no duty to plaintiffs injured by youth who had drunk liquor and ingested drugs on leased premises even though premises were known as a place where youths frequently gathered to drink).

In *Ulwick* v. *DeChristopher*, 411 Mass. 401 (1991), we considered the principles from the *McGuiggan* decision on which this case was tried. The underage defendant in the *Ulwick* case hosted a "B.Y.O.B." ("Bring Your Own Booze") drinking party while his parents were away. He provided no liquor but furnished a social atmosphere, soda, mixers, ice, and other necessities for a drinking party, and generally acted in a way which encouraged the underage guests to drink. A guest at the party became obviously intoxicated (a fact apparent to the defendant). Shortly after leaving the party, the intoxicated guest drove an automobile, causing a serious accident.

On these facts, we stated in *Ulwick*: "As discussed in the *McGuiggan* case, *supra*, the decisions that have recognized social host liability under a common law theory of negligence have done so only in circumstances where the host has served or provided liquor to an intoxicated guest. As stated in one of the earliest of those decisions, such a theory of liability 'proceeds from the duty of care that accompanies control of the liquor supply.' *Kelly* v. *Gwinnell*, 96 N.J. 538, 548 (1984). See *Dickinson* v. *Edwards*, 105 Wash. 2d 457, 466 (1986) ('the relevant inquiry [in determining negligence] is who had the authority to deny further service of alcohol when intoxication became apparent'). We think the factor of control should continue to be the dominant consideration in a case of this type." *Id.* at 406. We also indicated in *Ulwick* that the general principles in prior cases such as *Wallace* v. *Wilson*, *supra*, *Dhimos* v. *Cormier*, *supra*, and *McGuiggan* v. *New England Tel. & Tel. Co.*, *supra*, would continue to be followed. *Id.* at 407. We concluded in *Ulwick*, that "[t]hese principles, and the consideration that the duty of care follows

from control over the liquor supply, furnish practical limits of potential liability." *Id.*

The plaintiffs, acknowledging the principles expressed in the *Ulwick* decision, argue at length that the facts of this case demonstrate that the defendant had a legal duty, based on the extent of his control over the liquor consumed by Jordan. We disagree. Here there was evidence that Jordan had brought the beer to the defendant's home. Like the underage host in *Ulwick*, the defendant provided a setting and atmosphere, first in his home and later in his car, where Jordan could drink. Jordan and the others helped themselves. The defendant considered the supply of beer to belong to him, Jordan, and Callahan together. In these circumstances, we do not think the defendant had the obligation, or the means, effectively to control the supply of beer and, therefore, stop Jordan from drinking beer which was in large part Jordan's to consume. In the absence of a right to exercise effective control, the defendant was not subject to a duty to act to protect the plaintiffs. The jury's conclusion, therefore, must be sustained without regard to the propriety of the answer to their question concerning the defendant's status as a continuing social host while in his car.

2. In their requests for jury instructions, the plaintiffs sought the following:

> "The law recognizes that a social host is liable to a person injured by an intoxicated minor's negligent operation of a motor vehicle where a social host who knew or should have known that his guest was a minor, nevertheless gave him or permitted him to take an alcoholic drink and thereafter, because of his intoxication, the minor negligently operated a motor vehicle causing the third person's injury. In deciding whether the social host exercised ordinary prudence in such circumstances, the relevant consideration will be whether the social host knew or reasonably should have known that the intoxicated minor might presently operate a motor vehicle. *McGuiggan* v. *New England Tel. & Tel. Co.*, 398

Mass. 152, 162 (1986); *Congini* v. *Portersville Valve Co.*, 504 Pa. 157 (1983)."

The judge refused to give the instruction and the plaintiffs seasonably objected. The requested instruction, grounded in part on the cited Pennsylvania decision, attempts to engraft on the language from the *McGuiggan* case a standard which is particularly applicable to minors. The Pennsylvania decision relied upon the violation of a statute prohibiting the sale of intoxicating liquor to a minor as establishing negligence per se on the part of a social host, who permitted a minor to drink, and become intoxicated, where the minor thereafter drove a car negligently, causing an accident. In connection with the Pennsylvania case, the plaintiffs make reference to G. L. c. 138, § 34A (1990 ed.), which makes it a criminal offense for anyone under the age of twenty-one to procure an alcoholic beverage, for his own or for another minor's consumption. The purpose of the requested instruction, the plaintiffs suggest, is to have "Massachusetts . . . adopt [as a rule of common law] the position that a host breaches his duty to innocent third persons when the host permits the minor to consume any amount of alcoholic beverages that contributes to the minor's intoxication, resulting in injury."

The instruction was correctly declined. Violations of the Commonwealth's liquor laws concerning minors "do not expressly or implicitly grant an independent ground for civil liability," *Ulwick* v. *DeChristopher, supra* at 408, and "[i]t has long been the rule in this Commonwealth [unlike the rule in Pennsylvania] that violation of a statute does not by itself establish a breach of duty, for it does not constitute negligence per se." *Id.*, quoting *Bennett* v. *Eagle Brook Country Store, Inc.*, 408 Mass. 355, 358-359 (1990).[3] The applicable

---

[3]The plaintiff in *Ulwick* v. *DeChristopher*, 411 Mass. 401 (1991), made a similar argument, citing two Federal cases interpreting Pennsylvania law. See *Fassett* v. *Delta Kappa Epsilon (N.Y.)*, 807 F.2d 1150 (3d Cir. 1986), cert. denied sub nom. *Turgiss* v. *Fassett*, 481 U.S. 1070 (1987), and *Macleary* v. *Hines*, 817 F.2d 1081 (3d Cir. 1987). In those cases, entry of summary judgment was reversed "where the record disclosed that the defendants had participated in the planning or funding of social events

common law principles in the area under consideration are those described in the *McGuiggan, Wallace, Dhimos*, and *Ulwick* line of cases which´ have been discussed in this opinion.

3. The plaintiffs' motion for new trial raised no issue that has not already been discussed.

> *Judgment affirmed.*
> *Order denying motion for*
> *new trial affirmed.*


O'CONNOR, J. (concurring, with whom LYNCH, J., joins). I agree with the result reached by the court. I also agree that, because the beer which caused Jordan's intoxication and the plaintiffs' injuries was not provided by the defendant, the defendant did not owe the plaintiffs or other travelers on the highway a duty to prevent Jordan's drunkenness or to protect the plaintiffs from Jordan's drunken driving. No duty existed because, in the absence of either a statute creating such a duty or a special relationship recognized by the common law, no person owes to another a duty to prevent the harmful consequences of a condition or situation he or she did not create. We owe to everyone a duty not to act in such a way as to put him or her at risk unreasonably, but ordinarily we do not owe others a duty to take action to rescue or protect them from conditions we have not created. *Jean W.* v. *Commonwealth*, 414 Mass. 496, 519-520 (1993) (O'Connor, J., concurring). A recognition of that fundamental principle, not alluded to in the court's opinion, is critical to the development and maintenance of sound negligence law in this

---

where liquor was consumed by minors." *Ulwick* v. *DeChristopher, supra* at 407 n.3. We observed in *Ulwick* that, aside from these two Federal cases, the plaintiff had been unable to provide us with authority from any other jurisdiction imposing "a common law duty in circumstances where the social host has not served or provided liquor to a minor guest." *Id.* The plaintiffs in this case have not remedied the deficit of authority supporting their position.

Commonwealth. I write separately because, in my view, the court's opinion should make clear, but does not, that the basic reason that the defendant in this case did not owe the plaintiffs a duty of care for their safety is that, because he had no control over the beer supply and therefore neither served nor made the beer available, the defendant took no action that exposed the plaintiffs to harm. Therefore, no duty to the plaintiffs arose.