Brady, J.
Plaintiff Richard E. Stephens (Stephens) filed this negligence tort action against defendants following injuries he sustained in an automobile accident allegedly caused by an intoxicated driver, defendant Paula J. Dolitka (Dolitka). Defendant Patricia Higgins (Higgins) moves for summary judgment under Mass.R.Civ.P. 56. Higgins asserts that she owed no duty to Stephens to protect him from the harm he suffered as a result of Dolitka driving while intoxicated, and thus no claim for actionable negligence lies against Higgins as alleged in Stephens’ Count III in his complaint. Stephens opposes Higgins’s motion contending that she owed a common law duty to Stephens not to assist Dolitka in obtaining access to her automobile while Dolitka was visibly intoxicated. For the following reasons, Higgins’s motion for summary judgment is allowed.
BACKGROUND
On December 20, 1990, Dolitka allegedly became intoxicated after consuming alcoholic beverages at a company-sponsored party and a party thereafter at the residence of defendants, Harvinda Jassell and Surjeet Jassell. Higgins transported Dolitka from the company-sponsored party’s location to the Jassell’s residence, and then re-transported Dolitka back to her automobile which was parked near the location of the company-sponsored party. Higgins dropped Dolitka, allegedly visibly intoxicated at that time, off at her automobile. Dolitka proceeded to drive her automobile and shortly thereafter was involved in the accident in which Stephens was injured.
DISCUSSION
Summary judgment under rule 56 “make[s] possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983), quoting Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, supra at 422; Community Nat'l Bank v. Dawes, supra at 553; Mass.R.Civ.P. 56(c). The moving party bears the burden under rule 56(c) to show by credible evidence, through reference to. the materials specified in rule 56(c), that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Smith v. Massimiano, 414 Mass. 81, 85-86 (1992); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where the moving party would not have the burden of proof at trial, the moving party may meet its burden under rule 56(c) either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Fleshner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party satisfies the burden imposed by rule 56(c), the party opposing the motion may not rest on his pleadings or general denials, he must respond and “ ‘set forth specific facts' (emphasis added) showing there is a genuine, triable issue. [Mass.R.Civ.P.] 56(e).” Smith v. Massimiano, supra at 86, quoting Community Nat'l Bank v. Dawes, supra at 554; Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
“Negligence, without qualification and in its ordinary sense, is the failure of a reasonable person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is the want of diligence commensurate with the requirement of the duty at the moment imposed by the law (emphasis added).” Altman v. Aronson, 231 Mass. 588, 591-92 (1919). Actionable negligence does not exist in the absence of a duty. Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1988), quoting Theriault v. Pierce, 307 Mass. 532, 533 (1940). See Cremins v. Clancy, 415 Mass. 289, 290-97 (1993) (minor defendant who only provided access to premises where consumption of alcoholic beverages took place owed no duty to travelers on the highway to prevent a minor friend from driving intoxicated); O'Gorman v. Antonio Rubinaccio & Sons, Inc., 408 Mass. 758, 760-63 (1990) (holding that bar owner owed no duty to travelers on the highway to prevent bar patron, who was not served alcoholic beverages at bar owner’s premises, from *13 driving away from the premises while visibly intoxicated); O’Sullivan v. Hemisphere Broadcasting Corp., 402 Mass. 76, 78 (1988) (holding defendant had no liability in negligence to traveler of the highway because defendant had no control over, and thus no duty in connection with, beer distribution resulting in the intoxication from which the injuries proximately flowed). Thus, Higgins must have had a legally recognized duty of care to prevent Dolitka from harming travelers on the highways such as Stephens in order for him to have an actionable negligence claim against Higgins. See O’Gorman v. Antonio Rubinaccio & Sons, Inc., supra at 760.
“[WJhether [Higgins] owed such a duty is a question of law.” See Id.; Yakubowicz v. Paramount Pictures Corp., supra at 629; Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 156 (1983). Generally, “[a] duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a ‘special relationship’ between the plaintiff and the defendant.” Irwin v. Ware, 392 Mass. 745, 756 (1984). In the absence of such a “special relationship,” or a statutorily imposed duty, a defendant has no common law duty to control the conduct of another to prevent harm to a plaintiff who is a traveler on the highway from the consequences of the other’s driving while intoxicated. Cremins v. Clancy, supra at 296-97 (O’Connor, J., concurring). See Irwin v. Ware, supra at 756-62 (holding that statutorily imposed duties on police officers created special relationship upon which liability in negligence was based). Accord McGee v. Chalfant, 806 P.2d 980, 983-86 (Kan.1991) (holding that friends who transported visibly intoxicated friend back to his automobile owed no duty to travelers on highway to prevent friend from driving intoxicated); Wienke v. Champaign County Grain Assoc., 447 N.E.2d 1388, 1390 (Ill.App. 4th Dist. 1983) (holding that “difference between merely helping intoxicated person to car in parking lot, as alleged in Gustafson [v. Mathews, 441 N.E.2d 388 (Ill.App. 3rd Dist. 1982)], and the driving of the intoxicated person four miles to his car, as alleged ... , is also an insufficient difference to be determinative of liability”).
The only act which Higgins performed, and upon which Stephens seeks to impose negligence liability on Higgins, is that Higgins drove Dolitka back to, and dropped her off at, Dolitka’s automobile while she was visibly intoxicated. Higgins did not serve or sell any alcoholic beverages to Dolitka. Further, unlike the police officers in Irwin, Higgins had no statutorily imposed duty to control the conduct of Dolitka in reference to driving in an intoxicated state.
Our Supreme Judicial Court (SJC) expressly limits negligence liability in connection with drunk driving accidents to the drunk driver, and those individuals and entities who sold or served “alcoholic beverages to someone who the defendant knew, or reasonably should have known, was intoxicated or underage (citations omitted),” O’Gorman v. Antonio Rubinaccio & Sons, Inc., supra at 760-61, or when a special relationship with the travelers on the highway has arisen, see Irwin v. Ware, supra at 756-62 (special relationship arose from statutorily imposed duties on police officers). Imposing a duty upon Higgins in this factual situation would be "unduly burdensome on one who might aid another to an automobile to require that person to ascertain whether the person was in condition to drive the automobile.” Wienke v. Champaign County Grain Assoc., supra at 1390. Additionally, imposing a duty upon Higgins in this factual situation would cut against the grain of the SJC’s public policy pronouncements concerning the scope of liability in the area of drunk driving accidents. Like the defendant in O’Gorman, Higgins “did not create or contribute to the danger” posed to Stephens from Dolitka’s driving while intoxicated, and accordingly Higgins owed no duty to Stephens. See O’Gorman v. Antonio Rubinaccio & Sons, Inc., supra at 762.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Patricia Higgins’s motion for summary judgment is hereby ALLOWED.