FRAN'S LUNCH, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL
COMMISSION.

No. 97-P-0703.

Essex. September 14, 1998. - October 22, 1998.

Present: PORADA, GILLERMAN, & BECK, JJ.

*Statute,* Construction. *Alcoholic Liquors,* Alcoholic Beverages Control Com-
mission, Revocation of license, Sale to minor. *Words,* "Person."

A "sting" operation conducted by the Alcoholic Beverages Control Commis-
sion, in which a minor, acting as agent for the commission, purchased
liquor from a licensee, did not violate G. L. c. 138, § 34A, proscribing the
purchase of alcohol by a minor for the use of "any other person"; in any
event, the commission properly relied on the evidence developed in the
operation in suspending the licensee's liquor license. [664-665]

CIVIL ACTION commenced in the Superior Court Department on
March 22, 1996.

The case was heard by *Regina L. Quinlan,* J.

*Patricia S. Johnstone* for the plaintiff.

*Kathryn B. Palmer,* Assistant Attorney General, for the
defendant.

PORADA, J. The plaintiff sought judicial review in the Superior
Court of the suspension of its liquor license by the Alcoholic
Beverages Control Commission (commission). The commission
suspended the plaintiff's license based on evidence garnered in
a "sting" operation in which the plaintiff's employee sold liquor
to a minor, acting as an agent for the commission and the Glouc-
ester police department, without requiring the minor to produce
proof of his age in violation of G. L. c. 138, § 34. The plaintiff
claims that the decision must be set aside because, in collecting
this evidence, the commission violated G. L. c. 138, § 34A,
which prohibits a minor from purchasing liquor either for his
own use or for the use of any other person. Relying on *Cremins
v. Clancy,* 415 Mass. 289, 295 (1993), a Superior Court judge

ruled that the commission had not violated the law because properly construed, G. L. c. 138, § 34A, prohibits the purchase of alcohol by minors for their consumption or the consumption of others, and here the alcohol was not purchased for consumption but for use as evidence to enforce the law. We affirm but on different grounds.

At issue in *Cremins* v. *Clancy*, 415 Mass. at 295, was the civil liability of a minor to an innocent third party for injuries resulting when the minor, in his capacity as a social host, allowed another minor to consume alcohol and become intoxicated, the consequences of which was injury to the third person. In rejecting the plaintiff's claim in that case, that he was entitled to an instruction which made a violation of the law prohibiting the furnishing of alcohol by a minor to others negligence per se, the Supreme Judicial Court made reference to G. L. c. 138, § 34A, which the court said "makes it a criminal offense for anyone under the age of twenty-one to procure an alcoholic beverage, for his own or for another minor's consumption." *Ibid.* However, we believe this reference to § 34A in the *Cremins* case was intended by the Supreme Judicial Court merely to identify the criminal statute on which the plaintiff based his request for an instruction and was not intended to define or limit the parameters of those circumstances giving rise to a violation under this statute. Cf. *Planned Parenthood League of Mass., Inc.* v. *Attorney Gen.*, 424 Mass. 586, 594 n.8 (1997).

"As a general rule, 'a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *Yeretsky* v. *Attleboro*, 424 Mass. 315, 319 (1997) (citations omitted). Here, it would appear that the purpose of the statute to protect the welfare of children from the danger of alcohol, see *Tobin* v. *Norwood Country Club, Inc.*, 422 Mass. 126, 133-134 (1996), and the plain language of the statute which prohibits the purchase for the minor's "use or use of any other person" gives rise to an interpretation calling for a blanket prohibition on the purchase of alcohol by a minor for himself or any other person for any purpose regardless of whether the alcohol was intended for consumption or otherwise.

Notwithstanding our rejection of the Superior Court judge's

limited construction of this statute, we conclude there was no violation of the statute in the circumstances of this case. Section 34A proscribes the purchase of alcohol by a minor for the use of any other person. It is a generally accepted rule of statutory construction that the word "person" when used in a statute will not ordinarily be construed to include the State or political subdivisions thereof. G. L. c. 4, § 7, cl. twenty-third. *Perez* v. *Boston Hous. Authy.*, 368 Mass. 333, 339 (1975). Here, the purchase of alcohol was made by the minor for the use by the police and the commission to ferret out violators of the intoxicating liquor laws. It would strain credulity to believe that the Legislature intended the commission or the municipal police force to be included in the definition of a "person" where their actions were designed to promote rather than hinder the purpose of the law.

In any event, assuming that the commission violated the statute by permitting minors to purchase liquor in a sting operation, this act would not preclude the commission from relying on the evidence. It is generally recognized that absent entrapment or other abuses violative of fundamental fairness, government involvement in criminal activity for the purpose of investigating possible violations of law is permissible even if technical violations of law occur. See *Commonwealth* v. *Harvard*, 356 Mass. 452, 459 (1969); *Commonwealth* v. *Shuman*, 391 Mass. 345, 350 (1984). See also *United States* v. *Russell*, 411 U.S. 423, 432 (1973). In this case, where the commission's sting operation was conducted in accordance with published guidelines designed to insure that such operations were conducted fairly, the commission could properly rely on this evidence. Cf. *Kelly* v. *Civil Serv. Commn.*, 427 Mass. 75, 79 (1998) (evidence obtained as a result of an alleged unlawful stop and arrest was admissible in an administrative proceeding to determine if the plaintiff's termination from employment was proper). As such, the decision to suspend the plaintiff's liquor license was based on substantial evidence.

*Judgment affirmed.*