Billings, A.J.
For the reasons that follow, the defendants’ motions to dismiss under Mass.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted) are ALLOWED.

Facts

The Complaint alleges that the plaintiff from 1990 through early 2001, was a pilot for defendant Boston MedFlight, a subsidiaiy of New England Life Flight, Inc.[1] The hospital defendants “are a consortium of medical facilities that combined to create Boston Med-Flight.”
The plaintiff “worked as a team with the medical crew,” responding to thousands of accident scenes, during which he “was constantly exposed to, and witnessed, human injury and suffering of adults, children, and infants,” as the defendants knew. The defendants also “knew or reasonably should have known that this constant exposure without some sort of grief counseling would almost certainly, ultimately, significantly affect the mental health and well-being of the plaintiff.” The defendants made grief counselors and mental health professionals available to the flight paramedics and flight nurses on the medical crews, but not to pilots, even though they “knew or should have known that pilots could not seek outside assistance for emotional counseling as this would lead a pilot to be immediately grounded.” The defendants breached their duty of care toward the plaintiff “by failing to provide [him] with any access to grief counselor and/or mental health professionals.”
Finally,
[a]fter responding to the scene of thousands of horrifying accidents, [the plaintiffs] psychological and emotional health, from the trauma he had witnessed as a pilot for these defendants, had deteriorated significantly.
He sought medical assistance, and the FAA pulled his medical certificate. He has not flown since.

Discussion

Damages for emotional distress are available in some claims for negligence. The most common example is a claim for pain and suffering attendant upon a physical injuiy, sometimes labeled a “parasitic” emotional distress claim. Payton v. Abbot Labs, 386 Mass. 540, 548 (1982).
More difficult are claims in which emotional distress is the “host” claim, i.e., when the emotional distress is not caused by physical injury. See id. Over the last twenty-five years, the Massachusetts courts have struggled to draw lineswhich have proved neither wide, nor bright, nor (at times) consistently articulated[2]between those claims which will be compensated, and those which will not. Frequently, the issue has been termed one of the need for corroboration— the “fear[ ] that allowing recoveiy for mental harm alone might result in a flood of fraudulent claims,” or even honestly mistaken ones. Sullivan v. Boston Gas Co., 414 Mass. 129, 133 (1993) (citationsomitted).The concern has also been expressed that merely negligent tortfeasors should not be subjected to liability for unforeseeable injuries. E.g., Dziokonski v. Babineau, 375 Mass. 555, 567 (1978). There are also allusions to the “practical need to draw a determinate line against excessive liability.” Migliori v. Airborne Freight Corp., 426 Mass. 629, 633 (1998); see Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 341 (1983).
These concerns have resulted in several limitations on liability for emotional distress resulting from negligence. The first is Payton's holding that the plaintiff must show that his emotional distress produced some sort of “physical harm manifested by objective symptomatology,” 386 Mass, at 557, a requirement made less stringent but still retained by the Sullivan case.
A successful negligent infliction of emotional distress claim . . . must do more than allege “mere upset, dismay, humiliation, grief and anger.” . . . Rather, plaintiffs must corroborate their mental distress claims with enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial.
414 Mass, at 137-38 (citations omitted) (holding that expert medical testimony on damages is not always required, and that the plaintiffs combination of tension headaches, muscle tenderness in the back of the head, concentration and reading problems, sleepless *32 ness, gastrointestinal distress, upset stomach, nightmares, depression, feelings of despair, difficulty in driving and working, and an over-all “lousy” feeling was sufficient).
Additionally, the cases have
imposed relational, temporal, and spatial limits on the scope of liability for emotional harm: Only a bystander plaintiff who is closely related to a third person directly injured by a defendant’s tortious conduct, and suffers emotional injuries as the result of witnessing the accident or coming upon the third person soon after the accident, states a claim for which relief may be granted.
Migliori v. Airborne Freight Co., 426 Mass. 629, 633 (1998) (“affirming [the court’s] reluctance to expand the class of bystanders who may recover for emotional distress or the circumstances in which the members of that class may recover,” and denying emotional distress damages to Good Samaritan who came to the aid of an injured stranger).
In this case, the plaintiffs failure to plead that his emotional distress has caused him physical symptoms would not be fatal, given the comparatively relaxed standards governing both pleading, see Nader v. Citron, 372 Mass. 96, 98 (1977) (Rule 12(b)(6) motion is to be denied “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,” citation omitted), and the required showing as to such symptoms. Sullivan, supra. He satisfies as well the “temporal" and “spatial” requirements: as the Complaint makes clear, the plaintiff witnessed, contemporaneously and at close quarters, the suffering of the injured persons whom he transported.
More serious is the absence of any allegation that the plaintiff was related to, or even acquainted with, any of the persons whose suffering he witnessed. His claim thus fails the “relational” test, under which a “bystander” plaintiff must allege and prove that he was “closely related to a third person directly injured by a defendant’s tortious conduct.” Migliori, 426 Mass, at 633; see also Barnes v. Geiger, 15 Mass.App.Ct. 365 (1983) (denying recovery to mother who rushed to scene of accident, believing mistakenly that it was her child who was injured).
The defendants, too, fall outside the class of persons thus far recognized as potentially liable for claims of negligent infliction of emotional distress. In every Massachusetts case that has recognized claims for “bystander” emotional distress, the plaintiff has alleged that he witnessed physical injury to another person, and that such physical injury was caused by the negligence of the defendant. See, e.g., Gilmore v. Commonwealth, 417 Mass. 718 (1994); Monahan v. Methuen, 408 Mass. 381, 390 (1990); Ferriter v. Daniel O’Connell’s Sons, 381 Mass. 507 (1980); Dziokonski v. Babineau, 375 Mass. 555, 567 (1978).
Here, there is no allegation that any of the defendants caused the injuries to the trauma victims whom the plaintiff transported. To the contrary, the defendants werealong with the plaintiffparticipants in the rescue and treatment effort; helping, not hurting, the injured.
The plaintiffs claim is premised instead on his assertion that the defendants had an affirmative duly to provide the employee of a contractor with counseling for the emotional stresses of his occupation. “Whether a duty exists is a question of common law, to be determined by ‘reference to existing social values and customs and appropriate social policy.’ ” Remy v. MacDonald, 440 Mass. 675, 677 (2004), quoting Cremins v. Clancy, 415 Mass. 289, 292 (1993). Application of such societal norms ordinarily means that “[w]e owe to everyone a duty not to act in such a way as to put him or her at risk unreasonably, but ordinarily we do not owe others a duly to take action to rescue or protect them from conditions we have not created.” Cremins, 415 Mass, at 296 (O’Connor, J., concurring).
In this case, society has fixed upon the plaintiffs employerwhich is not a party to this case, see footnote Ithe duty to provide him with workers’ compensation insurance which presumably will provide him with benefits for his work-related injuries. Third parties may be liable to him (subj ect to the sort of policy-based limitations articulated in the Migliori case and others) if, through some negligent or otherwise tortious act or omission, they have caused him injury, work-related or otherwise. They are not liable, however, for failing to prevent or treat injuries not caused by some wrongful act or omission on their part, at least where they have not voluntarily undertaken to provide such prevention or treatment. See Thorson v. Mandell, 402 Mass. 744, 748 (1988).

ORDER

For the foregoing reasons, the following motions are ALLOWED.
Docket #15: Motion of the Defendants Beth Israel Deaconess Medical Center, Inc., The Brigham and Women’s Hospital, Inc., The Children’s Hospital Corporation, and The General Hospital Corporation, d/b/a Massachusetts General Hospital, To Dismiss Plaintiffs Complaint Pursuant to Mass.R.Civ.P. 12(b)(6);
Docket #17: Motion of Defendant New England Life Flight, Inc. and Boston MedFlight (Properly New England Life Flight, Inc.) To Dismiss Plaintiffs Complaint for Failure to State a Cause of Action upon Which Relief May Be Granted and for Entry of Separate and Final Judgment; and
Docket #18: Motion of the Defendant, Tufts-New England Medical Center, Inc., To Dismiss Plaintiffs Complaint Pursuant to Mass.R.Civ.P. 12(b)(6).
*33 The motion of Defendant, Boston Medical Center Corporation, to join in its co-defendants’ motions to dismiss (Docket #19) was previously allowed, and so this defendant will receive the same relief as the others. The Complaint is to be dismissed for failure to state a claim.

It was represented at oral argument, and the parties appear to agree, that the plaintiff was employed by a company which contracted to provide helicopters and pilots to New England Life Flight, Inc. This employer is not a party to this action.

Compare, e.g., Migliori v. Airborne Freight Co., 426 Mass. 629, 631 (1998) (stating that “[i]n Sullivan v. Boston Gas Co., 414 Mass. 129 (1993), we abandoned the so-called physical harm rule”), with Guttierez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 412 (2002) (stating that Sullivan “did not eliminate the physical harm requirement, but merely expanded the range of symptoms that may provide the type of objective evidence to prove physical harm . . .”).