NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-743

FAMILY RIVER REALTY, LLC, & others[1]

vs.

HANOVER INSURANCE COMPANY & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a fire burned down a residence on their property, the plaintiffs, including Family River Realty, LLC (Family River), learned that their insurance policy did not provide coverage for the personal property lost as a result of the fire. Subsequently, the plaintiffs filed this action against several defendants, including Hanover Insurance Company (Hanover), concerning coverage under the insurance policy.[3] Pursuant to

---

[1] Donnie Settlemoir and Diana Settlemoir.

[2] Costello Insurance Agency, Inc., and Emily S. Costello.

[3] Only Family River and Hanover participated in this appeal. The remaining plaintiffs in the underlying action did not pursue their appeal from the separate and final judgment and that judgment does not pertain to the remaining defendants.

Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), Hanover filed a motion to dismiss, which a Superior Court judge allowed, and entered a separate and final judgment in favor of Hanover. Family River appeals from the judgment. We affirm.

We review an order allowing a motion to dismiss de novo. See Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17 (2018). See also Mass. R. Civ. P. 12 (b) (6). Our review is generally confined to the four corners of the complaint, see Gill v. Armstrong, 102 Mass. App. Ct. 733, 737 (2023), and in such review, we "take as true the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor" (quotation and citation omitted). Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004). However, "[w]e do not regard as 'true' legal conclusions cast in the form of factual allegations." Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009). To survive a motion to dismiss, the facts alleged must "'plausibly suggest[ ] (not merely [be] consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully" (citation omitted).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The plaintiffs' amended complaint lists two claims against Hanover:  negligence and recklessness.  Both claims include the element of duty,[4] the existence of which is a question of law, see Helfman v. Northeastern Univ., 485 Mass. 308, 315 (2020). We look to the facts alleged within the four corners of the amended complaint to determine if the amended complaint adequately pleaded the element of duty to satisfy the standard stated above here.[5]

Generally, as Family River notes, there is no duty for an insurance company to ensure that a policyholder obtains a policy

---

[4] Negligence requires a showing that there was (1) a legal duty owed to the plaintiff by the defendant, (2) a breach of that duty, (3) causation, and (4) actual loss.  See Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 699 (2016). Recklessness requires a showing that the defendant commits

> "an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

Rafferty v. Merck & Co., 479 Mass. 141, 157 (2018), quoting Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 546 (2006).

[5] Given our resolution of this appeal on the element of a duty, we decline to address whether Family River adequately pleaded the other elements of these claims.

3

that is adequate for their needs.  See Bacon v. Federal Kemper Life Assur. Co., 400 Mass. 850, 855 (1987) ("The only duty that the law imposes on an insurance company to protect its insured is that the company take reasonable steps to determine whether the insured has consented to the policy").  For Family River's claims against Hanover to survive the motion to dismiss, Family River would have had to plead that special circumstances support imposing a duty here.[6]  Special circumstances of assertion, representation, and reliance may create such a duty of care. See Martinonis v. Utica Nat'l Ins. Group, 65 Mass. App. Ct. 418, 421 (2006).  Facts relevant to the existence of special circumstances include (1) a prolonged business relationship, (2) the complexity and comprehensiveness of the customer's coverage, (3) the frequency of contact between the parties related to the customer's insurance needs, and (4) the extent to which the customer relies on the advice of the insurer.  See generally Perreault v. AIS Affinity Ins. Agency of New England, Inc., 93 Mass. App. Ct. 673, 677-678 (2018).  While the existence of special circumstances is a question for a fact finder, see McCue v. Prudential Ins. Co. of Am., 371 Mass. 659,

---

[6] Family River concedes that if we were to conclude that Hanover had no duty to adequately insure the property here, then the recklessness claim would not survive the motion to dismiss as well.

4

661 (1976), the plaintiffs still need to plead sufficient facts that plausibly suggest, and are not merely consistent with, an entitlement to relief.  See Iannacchino, 451 Mass. at 636.

To the extent that the "special circumstances" exception applies to insurance companies at all,[7] the facts pleaded are not adequate to invoke this exception.  The amended complaint does not assert that Family River ever directly communicated with Hanover prior to the fire loss.  The amended complaint omits any facts that would suggest Hanover made any assertion or representation to Family River.  Furthermore, there are no facts pleaded that tend to show reliance by Family River on such an assertion or representation by Hanover regarding the adequacy of the insurance policy.  Without such facts, the amended complaint fails to adequately plead the applicability of this exception.

Finally, Family River requests that we conclude that a duty arises here due to Hanover's long relationship, not with an individual or entity, but with the property, and Hanover's

---

[7] We are not persuaded that this exception applies to insurance companies.  See Thrivent Fin. for Lutherans v. Strojny, 882 F. Supp. 2d 260, 268 (D. Mass. 2012) (heightened duty normally found because of special relationship between insured and agent, not between insured and insurer).  Also, Family River's counsel expressly stated that they are not arguing the applicability of this exception on appeal. Nonetheless, we address the argument to the extent that it is applicable.

subsequent action of increasing the insurance coverage on the property after the fire. We decline. Family River cites no relevant legal authority, nor are we familiar with any, for this proposition.[8] For the foregoing reasons, Hanover's motion to dismiss was properly allowed.

Judgment dated April 29, 2025, affirmed.

By the Court (Meade, D'Angelo & Tan, JJ.[9]),

*Paul Little*

Clerk

Entered: May 18, 2026.

---

[8] We are also not persuaded by the Family River's citation to Remy v. MacDonald, 440 Mass. 675, 677 (2004), Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 430-431 (1995), and Cremins v. Clancy, 415 Mass. 289, 292-293 (1993). These cases discuss a duty owed to another individual or legal entity, not to a property, and furthermore, these cases do not negate the fact that an affirmative assertion or representation by Hanover would be required for a duty to arise in these circumstances. See Remy, supra; Somerset Sav. Bank, supra; Cremins, supra.

[9] The panelists are listed in order of seniority.